## EL PUEBLO v. NOBLE.

### APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 42. Resuelto en Noviembre 11, 1905.

DENUNCIA.—OBJECIONES CONTRA LA MISMA.—Formulada una acusación *por el Juez de la Corte Municipal,* sin estar jurada en forma alguna, el acusado deberá plantear esta cuestión ante la propia Corte Municipal, mas si se sometiere á juicio ante dicha Corte sin hacerlo así, no podrá formular tal objeción, por primera vez, en la apelación ante la Corte de Distrito.

ID.—SOBRESEIMIENTO DE LA CAUSA.—PLIEGO DE EXCEPCIONES.—Si en la transcripción de autos presentada á los efectos de una apelación, no hubiere un pliego de excepciones conteniendo las pruebas aducidas en apoyo de una moción presentada á la Corte inferior solicitando el sobreseimiento de la causa, el Tribunal Supremo carecerá de los elementos necesarios para considerar y resolver acertadamente esa cuestión.

Los hechos están expresados en la opinión.

Abogado de la parte apelante: *Manuel M. Ginorio.*

Abogado de la parte apelada: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

Esta causa es originaria de la Corte Municipal de Vega Baja y vino á la Corte de Distrito de San Juan en virtud del recurso de apelación interpuesto por el acusado.

Dicha Corte de Distrito procedió teniendo en cuenta la acusación transcrita que dice así:

"En la Corte Municipal de Vega Baja.—Esta Corte Municipal formula acusación contra Ramón Noble y Santiago Rosa por delito de fraude al Erario de Puerto Rico, comprendido en el artículo 387 del Código Penal, y cometido en la siguiente forma:

El día 26 de Mayo de 1904, fueron encontrados en poder del primer acusado, Ramón Noble, 6,270 tabacos elaborados sin tener adheridos y cancelados los sellos que prueban el pago de la contribución, y un barril de tabaco en rama. Cuyos tabacos fueron elaborados por el segundo acusado, para y por orden de Ramón Noble, sin estar éste autorizado por el Tesorero de Puerto Rico, ni haber prestado la fianza correspondiente."

Al leerse la denuncia al acusado, y antes de contestarla puso por medio de su abogado reparos á la acusación, ó sea que no hay denuncia original jurada, requisito necesario para que pueda tener lugar el juicio; se negó por la Corte de Distrito lo solicitado y se tomó excepción.

Luego se solicitó el sobrescimiento de la causa por haberse presentado la acusación después de los sesenta días desde la detención del acusado infringiéndose así el No. 1 del artículo 448 del Código de Enjuiciamiento Criminal y el juez de la Corte de Distrito también negó esta solicitud, por cuya razón de nuevo se tomó excepción por el abogado.

Entonces el acusado alegó que no era culpable y celebrado el juicio en debida forma, se dictó sentencia en 12 de diciembre de 1904 declarando culpable al acusado del delito contra el Erario de Puerto Rico comprendido en el artículo 388 del Código Penal y se le condenó á pagar cien dollars de multa y en defecto de pago, á sufrir un mes de cárcel y al pago de las costas.

Contra esta sentencia se interpuso apelación para ante esta Corte Suprema y aquí se ha presentado un alegato por la representación del acusado reproduciendo las excepciones de que se ha hecho mérito.

El fiscal opina que debe desestimarse el recurso y en el acto de la vista pública sólo compareció el fiscal de esta corte que sostuvo oralmente la opinión ya emitida al contestar por escrito al alegato de la parte apelante.

Estudiemos la primera excepción propuesta porque nace el record mismo y que consiste en la carencia de denuncia original jurada. Entendemos que esta cuestión debió plantearse ante la Corte Municipal de Vega Baja y demostrar en la apelación ante la Corte de Distrito que así se había hecho. Esto no consta que se realizara, y así las cosas, la Corte Municipal adquirió jurisdicción por lo menos cuando el acusado se sometió al juicio después de ser notificado de que fué acusado en la forma que hoy se impugna. La acusación entonces hecha por el juez municipal vino á sustituir á la denuncia de que habla la ley y de este modo la Corte de Distrito de San Juan pudo estimar la acusación transcrita y traída á los autos, como la denuncia original.

La segunda cuestión ó excepción es la que se refiere al sobreseimiento de la causa, porque la acusación no se presentó dentro de los sesenta días contados desde la detención.

Pero no hay en el récord datos precisos de que partir para resolver este punto, porque no consta la fecha de la detención.

Se trata aquí de una moción denegada solicitando el sobreseimiento de la causa por el motivo indicado. (art. 296, No. 2, del Código de Enjuiciamiento Criminal.)

Esta parte dentro de los diez días de dictada la sentencia apelada debió presentar al juez el escrito ó declaración de excepciones en que se contuviesen las pruebas que fueren necesarias para exponer los puntos de derecho en que se basaba esta excepción; artículo 298 y 299 del código citado, y resuelta entonces por el juez hubiera formado parte integrante de este récord suministrando así los elemen-

tos necesarios para que esta Corte Suprema pudiera resolver acertadamente esta cuestión. Esa era la forma de traer en apelación el segundo problema planteado.

No hay términos hábiles para resolver este punto y como tampoco hay méritos para acceder á la otra cuestión planteada, proponemos la confirmación de la sentencia apelada con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.